UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CREATIVE TOUCH INTERIORS, INC.,

        Plaintiff,

vs.                                            Case No. 3:15-cv-860-J-34JBT

STEVEN E. SPADE, et al.,

        Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Plaintiff initiated this action on May 8, 2015, by filing an eleven-count Complaint (Doc. 1). On June 25, 2015, Plaintiff filed a twelve-count Amended Complaint and Demand for Jury Trial, Injunctive Relief Sought (Doc. 14; Amended Complaint). Thereafter, on July 13, 2015, the case was transferred to this Court. See Doc. 22. Upon review of the Amended Complaint, the Court notes that Plaintiff relies on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as one basis for this Court's subject matter jurisdiction over this action. See

Amended Complaint ¶ 8 (alleging that "diversity of citizenship exists between the parties and the amount in controversy is in excess of $75,000.00"). In addition, Plaintiff alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 "because this action arises in part out of Defendants' violations of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et. seq.," and pursuant to this Court's supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. See id. ¶ 9. Although the Court accepts that it has federal question and supplemental jurisdiction over this case, Plaintiff fails to establish the Court's diversity jurisdiction. Specifically, Plaintiff alleges that it "is a Maryland corporation with its principal place of business in Atlanta, Georgia," and that Defendant Ally Building Solutions, LLC (Ally) is "a limited liability company organized under the laws of the State of Florida, with its principal place of business located in Duval County, Florida." Id. ¶ 2. In addition, Plaintiff includes allegations as to the residence of Defendants Steven E. Spade, David Triassi, Bobby Vallejos, William Matthews, and Kathryn Jones (Individual Defendants). See id. ¶¶ 3-7. While these allegations are adequate to establish Plaintiff's citizenship, the Court is unable to determine the citizenship of Defendants from the information provided.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, for the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated

and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, Plaintiff identifies Defendant Ally as an LLC, but incorrectly alleges its citizenship as though it were a corporation. See Amended Complaint ¶ 2. However, elsewhere in the Amended Complaint, Plaintiff asserts that "Spade has at all relevant times been the sole member and manager of Ally." See id. ¶ 44. Nonetheless, this allegation is insufficient to establish Ally's citizenship because, as discussed below, Plaintiff fails to adequately allege the citizenship of Defendant Steven E. Spade. Accordingly, additional information regarding the citizenship of Ally's member is necessary to determine Ally's citizenship.[1]

To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). As the Amended Complaint discloses only the residence of the Individual Defendants, rather than their states

---

[1] If Plaintiff determines that Spade is not Ally's sole member, Plaintiff must properly allege each member's citizenship, be it an individual, corporation, LLC, or other entity.

of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's diversity jurisdiction over this case. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has diversity jurisdiction over this action.[2] Otherwise, the case will proceed on the other asserted bases for subject matter jurisdiction only. Accordingly, it is

**ORDERED**:

Plaintiff shall have until **July 28, 2015**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action, otherwise, this case will proceed solely on the other asserted bases for subject matter jurisdiction.

**DONE AND ORDERED** at Jacksonville, Florida on July 14, 2015.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").