UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CREATIVE TOUCH INTERIORS, INC., etc.,

Plaintiff,

v. CASE NO. 3:15-cv-860-J-34JBT

STEVEN E. SPADE, et al.,

Defendants.
_______________________________/

# ORDER

**THIS CAUSE** is before the Court on Defendant William Matthews' Motion to Strike Creative Touch's First Affirmative Defense ("Motion") (Doc. 64) and Plaintiff's Response thereto (Doc. 71). For the reasons set forth herein, the Motion is due to be **GRANTED** without prejudice to Plaintiff re-pleading its first affirmative defense to Mr. Matthews' counterclaim.

Mr. Matthews brought a counterclaim against Plaintiff under the Fair Labor Standards Act ("FLSA"). (Doc. 58.) Plaintiff's first affirmative defense states that "Matthews was an exempt employee since approximately September 2012." (Doc. 63 at 4.) Mr. Matthews argues that the first affirmative defense should be stricken because it is conclusory and does not place him on notice of which possible exemption may be applicable. (Doc. 64 at 1.)

## I. Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defendant is not required "to support its affirmative defenses with elaborate factual detail." *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1360 (M.D. Fla 2008). *See also* Fed. R. Civ. P. 8(b)(1) & (c)(1) ("In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it" and "must affirmatively state any avoidance or affirmative defense . . . ."). "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense." *Harvey*, 568 F. Supp. 2d at 1360. *See also Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1225 (11th Cir. 2010) (finding that the answer gave plaintiff "ample notice that defendants believed that she had failed to timely file a complaint with the EEOC"); *Adams v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *4 (M.D. Fla. July 21, 2011) (holding that affirmative defenses are not subject to the heightened pleading standards of *Twombly* and *Iqbal*, but rather they are subject to a notice pleading standard); *Hansen v. ABC Liquors, Inc.*, Case No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009) ("Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests."). However, "despite liberal pleading requirements,

where an affirmative defense is no more than 'bare bones conclusory allegations, [it] must be stricken.'" *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009) (internal citations omitted).

**II. Analysis**

Upon applying the above principles to the first affirmative defense, the Court determines that the defense is not sufficiently pled. As Mr. Matthews points out, the defense is conclusory and does not put him on fair notice as to which exemption Plaintiff contends is applicable. "A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P. 8(c), must be specifically pleaded or it will be deemed waived." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318–19 (S.D. Fla. 2005). "Where a defendant pleads generally that a plaintiff is not covered under the FLSA, but fails to identify the specific FLSA exemptions that are applicable, the defendant should be given leave to amend the defense." *Id.* at 1319.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 64**) is **GRANTED** without prejudice to the extent stated herein.

2. Plaintiff's first affirmative defense to Mr. Matthews' counterclaim (Doc. 63 at 4) is **STRICKEN without prejudice** to re-pleading the same in accordance with this Order **on or before April 7, 2016**, as part of Plaintiff's response to Defendants' Answer, Affirmative Defenses and Counterclaim to Third Amended Complaint (Doc. 72).

**DONE AND ORDERED** at Jacksonville, Florida, on March 24, 2016.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record